504 P.2d 33

**ATLANTIC RICHFIELD COMPANY,**
a corporation, Plaintiff,

v.

**STATE TAX COMMISSION OF UTAH,**
Defendant.

No. 12823.

Supreme Court of Utah.

Dec. 6, 1972.

———◆———

Gustin & Gustin, Harley W. Gustin, Frank J. Gustin, Salt Lake City, for plaintiff.

Vernon B. Romney, Atty. Gen., G. Blaine Davis, Gregory D. Farley, Asst. Attys. Gen., Salt Lake City, for defendant.

TUCKETT, Justice:

The plaintiff filed these proceedings in this court to review a decision of the State Tax Commission wherein the Commission levied an assessment against the plaintiff for the nonpayment of excise taxes.

The parties have stipulated to the relevant facts before the Commission and before the court for the purpose of this review. The pertinent facts are as follows: Plaintiff is a licensed distributor of motor fuel in the State of Utah. During the period of January 1, 1968, to December 21, 1969, the plaintiff failed to report gallonage of motor fuel exported from Utah in making its monthly reports to the Tax Commission. The gallonage in question was received on exchange from Continental Oil Company at the Pioneer Pipeline Terminal, North Salt Lake, and transported to

various bulk plants owned by the plaintiff in eastern Nevada. The motor fuel was reported to the Nevada Tax Commission and the tax paid thereon. The parties stipulated that the motor fuel purchases from Continental Oil Company would have been allowable as exempt from Utah motor fuel tax if they had been reported as purchases and claimed as exported to Nevada within 180 days from the date of exportation. The parties agreed that through an accounting inadvertence Atlantic Richfield Company treated such unreported receipts from Continental Oil Company as Nevada exchange receipts, and the gallonage so exported from Utah to Nevada was reported to the Nevada Tax Commission, but the transactions were not reflected on the returns filed with the Utah State Tax Commission. This accounting inadvertence continued for a period of 17 consecutive months. After its accounting mistake was discovered the plaintiff thereafter filed reports with the Utah State Tax Commission for the period in question. By reason of its failure to make proper reports, the Tax Commission concluded that the plaintiff was subject to an excise tax on all the gallonage exported to Nevada during the period in question and assessed a delinquency against the plaintiff in the sum of $75,376.-59, together with interest in the sum of $5,252.91.

The plaintiff claims that the exports here in question were exempt from taxation under the provisions of Section 41–11–20, U.C.A.1953, which provides as follows:

Said excise tax shall not apply to sales of motor fuel actually exported from this state, and on proof of actual exportation upon blanks furnished by the state tax commission and in accordance with the rules and regulations promulgated by it, the state tax commission shall, as the case may be, either collect no tax or refund the amount of tax paid to the person who paid it on his application made within 180 days after exportation.[1]

It is quite clear from the language of this section that motor fuel exported from the State is not subject to the excise tax.[2] The failure by the plaintiff to comply with the statute and the regulations of the Commission in reporting the gallonage exported within the time period specified does not change the meaning of the language used by the legislature. It is quite evident that the Commission misapplied the provisions of the statute above referred to, and that

1. See 41–11–21, U.C.A.1953 which makes it an indictable misdemeanor for anyone to fail to file the necessary reports with the commission.

2. Mountain States Tel. and Tel. Co. v. Public Service Comm., 107 Utah 502, 155 P. 2d 184.

the delinquency assessed against the plaintiff must fail.[3] The decision of the Commission is reversed. Each of the parties is to bear its own costs.

CALLISTER, C. J., and ELLETT and CROCKETT, JJ., concur.

HENRIOD, J., does not participate herein.

3. Crystal Car Line v. State Tax Commission, 110 Utah 426, 174 P.2d 984.